**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LEROY ALFORD,<br>            Appellant, | DOCKET NUMBER<br>DC-0432-13-0390-C-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>            Agency. | DATE: February 6, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John J. Rigby</u>, Esquire, Arlington, Virginia, for the appellant.

<u>Robert Schapler</u>, Esquire, and <u>William Christopher Horrigan</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement of a settlement agreement.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;  the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 On July 16, 2013, the parties entered into a settlement agreement resolving the appellant's removal appeal and other pending disputes. *Alford v. Department of Defense*, MSPB Docket No. DC-0432-13-0390-I-1, Initial Appeal File (IAF), Tab 51 at 1, 4. The administrative judge accepted the agreement into the record for enforcement purposes and issued an initial decision dismissing the appeal as settled. IAF, Tab 53, Initial Decision (ID) at 1-2. The initial decision became the final decision of the Board on August 23, 2013, when neither party filed a petition for review. ID at 2.

¶3 Pursuant to the terms of the settlement, the agency agreed to pay the appellant wages covering nearly the entire 4-year period prior to the effective date of the agreement offset by an amount directed by the Office of Personnel Management (OPM) for disability retirement payments he had previously received, and a lump sum for both compensatory damages and attorney fees. IAF, Tab 51 at 2-4. The appellant subsequently filed a petition for enforcement seeking to enforce the terms of the settlement agreement. *Alford v. Department*

*of Defense*, MSPB Docket No. DC-0432-13-0390-C-1 (C-1), Compliance Appeal File (CAF), Tab 1 at 4.  In it, he alleged that the agency had delayed payment of $11,372.48 of his "back pay" and he contended that the agency should be required to pay interest on this amount.  *Id.* at 4, 7.  He further alleged that the agency had failed to offset his back pay for disability retirement benefits previously provided to him by OPM.  *Id.* at 4.

¶4      After the parties briefed the issues, the administrative judge issued an initial decision that denied the appellant's petition for enforcement.  CAF, Tabs 4-5, 7-8, Tab 9, Compliance Initial Decision (CID) at 1.  The administrative judge determined that the agency had complied with the agreement and that the delay in the final back pay payment was reasonable.  CID at 5.  He also found that, even had the appellant demonstrated noncompliance with the settlement, the agency's noncompliance was not material.  CID at 5-6.  Further, the administrative judge found that the settlement agreement did not provide for interest on back pay; and therefore, the Board could not grant the relief requested.  CID at 6.  The administrative judge further determined that the agency did not breach the settlement agreement when it did not offset the back pay to satisfy the appellant's debt to OPM.  CID at 10.  Finally, the administrative judge determined that, even had the agency failed to properly offset the appellant's back pay, he was not entitled to relief because he pursued the petition in bad faith to obtain a benefit to which he was not entitled, i.e., a $200,000 payment to satisfy his debts to OPM. CID at 10-11.

¶5      The appellant has filed a timely petition for review of the compliance initial decision.  C-1, Compliance Petition for Review (CPFR) File, Tab 1.  The agency has responded in opposition to the petition for review, and the appellant has replied.  CPFR File, Tabs 3-4.

<u>The administrative judge properly found the agency to be in material compliance with the agreement because OPM did not provide the offset payment amount within the agreement's time frame for payment of back pay.</u>

¶6      The appellant's sole contention on review is that the administrative judge erred when he found the agency in compliance with the settlement agreement even though the agency failed to withhold the amount of disability retirement payments from his back wages and forward that amount to OPM.  CPFR File, Tab 1 at 5.  We disagree.[2]

¶7      The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 5 (2012).  A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law.  *Id.*  The party seeking enforcement of the settlement agreement bears the ultimate burden of showing that the other party breached the agreement.  *Walker-King v. Department of Veterans Affairs*, 119 M.S.P.R. 414, ¶ 9 (2013).  To establish a breach of a settlement agreement, the petitioning party must show material noncompliance with a term of the contract.  *Id.*  A party's breach of an agreement is material when it relates to a matter of vital importance or goes to the essence of the contract.  *Id.*  The Board is responsible for ensuring that the parties receive that for which they bargained.  *Id.*, ¶ 10.

¶8      The administrative judge found the agency in compliance with the agreement when it provided the full back wages to the appellant because OPM

---

[2] In light of our finding that the agency is in compliance with the settlement agreement, we need not decide whether to apply the equitable doctrine of "unclean hands" to the facts of this case and do not adopt that part of the administrative judge's initial decision.    CID at 10-11; *see, e.g.*, *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814-15 (1945 (defining the "unclean hands" doctrine and discussing its application).  Neither party challenges on review the administrative judge's findings that the agency did not breach the agreement when it delayed payment of $11,372.48, and the settlement agreement did not provide for an interest payment on the back pay.  CID at 5-6.  We see no reason to disturb these well-reasoned findings on review.

did not provide the agency with the offset amount. CID at 8-9. The settlement agreement provides that, "the Agency will offset the amount [of back wages] *directed by OPM*." IAF, Tab 51 at 4 (emphasis added). The agency submitted a declaration from its deputy chief of employee benefits and services division that she and other staff in human resources attempted multiple times to contact OPM to obtain the offset information. CAF, Tab 4 at 14. The deputy chief stated that, as of the date of her declaration, OPM had not provided a response to the agency regarding the amount of the appellant's offset. *Id.* Although the appellant questions the efforts made by the agency to obtain the information, he does not dispute that OPM did not provide the offset amount. CAF, Tab 8 at 6-7; *see also Engel v. U.S. Postal Service*, 114 M.S.P.R. 541, ¶ 8 (2010) (unrebutted affidavits are sufficient to establish the matters asserted); *Schaefer v. U.S. Postal Service*, 42 M.S.P.R. 592, 595 (1989) (affidavits that are not rebutted constitute evidence of matters asserted therein, and, if uncontested, such affidavits prove the facts they assert). Because the agency was unable to obtain the amount from OPM and the settlement agreement required payment to the appellant by 90 days after the effective date, the agency complied with the essence of the agreement by processing the entire back pay amount to be paid to the appellant. IAF, Tab 51 at 2; CAF, Tab 4 at 15. Accordingly, we find that the agency is in material compliance.

¶9      The appellant argues on review that he provided an April 5, 2013 letter from OPM to multiple individuals at the agency, and that his actions demonstrate proof that the agency was aware of the offset amount. CPFR File, Tab 1 at 6-8. We disagree. The letter reflects OPM's calculations of the amount owed by the appellant as of the date of the letter, a total of $199,293.70. CAF, Tab 1 at 24-30. However, this letter was provided to the appellant over 3 months before the parties entered into the settlement agreement on July 16, 2013. IAF, Tab 51 at 1. As the administrative judge noted, intervening events or the passage of time may have made the information inaccurate. CID at 9 n.4. The appellant has failed to

provide any current information regarding his debt. Even had the appellant provided such information to the agency, the agreement requires OPM to provide the offset amount to the agency, not the appellant. IAF, Tab 51 at 4. Therefore, we reject the appellant's argument that the agency was aware of the offset amount to withhold and forward to OPM.

¶10  Because the agency was unable to obtain the offset amount from OPM, we find the agency in compliance with the terms of the settlement agreement when it paid the full back pay amount directly to the appellant. Therefore, we deny the appellant's petition for enforcement.[3]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[3] The appellant requested that the Board invite OPM to intervene in this appeal. CPFR File, Tab 1 at 14. The Board's regulations do not provide for the invitation of intervenors, though the Director of OPM may intervene in certain appeals as a matter of right. 5 U.S.C. § 7701(d)(1); 5 C.F.R. § 1201.34(a)-(b)(1). We have received no request from OPM to intervene. Therefore, we deny the appellant's request.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.